Donald R. Sampson c/o Ken Ferguson City of Pine Bluff Personnel Department 200 E. 8th Avenue, Room 104 Pine Bluff, Arkansas 71601
Dear Mr. Sampson:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the City of Pine Bluff for a copy of your resume and job application. The custodian of the records has determined that these records should be released. I am required by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
It is my opinion that the custodian's decision to release your resume and job application is consistent with the FOIA.
This office has consistently taken the position that resumes are simple "public records" within the meaning of the FOIA, and are not subject to any of the special exemptions from disclosure that are set forth in the FOIA. Accordingly, they are subject to disclosure. See, e.g., Ops. Att'y Gen. Nos. 96-269; 95-291.
This office has regarded the job applications of successful job applicants as "personnel records," within the meaning of the FOIA. Such applications must therefore be scrutinized under the disclosability standard that is set forth in the FOIA for personnel records. Under that standard, personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined that it cannot be factually established that the release of your job application would constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the job application outweighs the public's interest in it), the job application should be released under the FOIA's disclosability standard for "personnel records."
I must note that I have not been provided with a copy of your job application and therefore cannot make a determination as to the nature of the information contained in it. This office has previously noted, however, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See Ops. Att'y Gen. Nos. 98-102; 95-291.
For the foregoing reasons, I conclude that the custodian's decision to release your resume and job application was consistent with the FOIA.
Finally, I must point out that both your resume and job application should be scrutinized by the custodian prior to their release, for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA, such as your social security number. Any such information that is identified by the custodian should be redacted from these documents prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh